IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

AKEENA SOLAR INC,

    Plaintiff,

v.

ZEP SOLAR INC.,

    Defendants.

No. C 09-05040 JSW

**ORDER GRANTING DEFENDANT'S MOTION TO STAY**

Now before the Court is Defendant Zep Solar Inc.'s ("Zep") motion to stay pending reexamination of United States Patent 7,406,800 (the "'800 Patent"). Having considered the parties' pleadings and the relevant legal authority, the Court HEREBY GRANTS Zep's motion to stay litigation.

**BACKGROUND**

On October 22, 2009, Plaintiff Akeena Solar Inc. ("Akeena") brought this action for patent infringement of the '800 Patent and declaratory judgement of non-infringement of Zep's U.S. Patent No. 7,592,537 (the "'537 Patent). On December 14, 2009, Zep and High Sun Technology, Inc. filed a motion to dismiss the declaratory judgement claim. The Court granted the motion to dismiss on February 9, 2010, leaving only the '800 Patent at issue.

On January 27, 2010, Zep filed a petition with the U.S. Patent and Trademark Office ("PTO") for *inter partes* reexamination of the '800 Patent. (Declaration of Deepak Gupta in Support of Defendants' Motion to Stay ("Gupta Decl."), Ex. 2 (Request for *Inter Partes* Reexamination).) The petition requested reexamination of ten of the twelve claims of the '800

Patent, including the only independent claim, and is based on eleven references that Zep alleges raise substantial new questions of patentability for the '800 Patent. (*Id.*) On the same day, Zep filed the motion to stay.

The litigation is in the early stages. When Zep filed the motion to stay, defendants had not answered the complaint, and the parties had not yet exchanged initial disclosures, prepared a discovery plan, or propounded any discovery. While this motion was pending, the parties have held a rule 26(f) conference, selected a method of ADR, and exchanged initial disclosures. However, the parties have not commenced any other discovery and the parties have not yet attended an initial case management conference. While this litigation is not in the "earliest" stage possible, it is still very early.

The Court shall discuss additional facts as necessary in the analysis.

## ANALYSIS

### A. Legal Standards Applicable to a Motion to Stay Proceedings Pending Reexamination.

The patent reexamination statute provides in pertinent part that "[a]ny person at any time may file a request for reexamination by the [PTO] of any claim of a patent on the basis of any prior art cited under the provisions of section 301." 35 U.S.C. § 302. The PTO must "determine whether a substantial new question of patentability affecting any claim of the patent concerned is raised by the request . . . ." 35 U.S.C. § 303(a). The reexamination statute further provides that "[a]ll reexamination proceedings . . . including any appeal to the Board of Patent Appeals and Interferences, will be conducted with special dispatch." 35 U.S.C. § 305.

The determination of whether to grant a stay pending the outcome of the PTO's reexamination is soundly within the Court's discretion. *See Tap Pharm. Prods. Inc. v. Atrix Labs. Inc.*, 70 U.S.P.Q. 2d 1319, 1320 (N.D. Ill. 2004) (citing *Gould v. Control Laser Corp.*, 705 F.2d 1340, 1341 (Fed. Cir. 1983)). When ruling on such a stay, courts consider several factors: (1) the stage of the litigation, including whether discovery is or will be almost completed and whether the matter has been marked for trial; (2) whether a stay will unduly prejudice or tactically disadvantage the nonmoving party; and (3) whether a stay will simplify

the issues in question and streamline the trial, thereby reducing the burden of litigation on the parties and on the court. *Id.*; *Methode Elecs., Inc. v. Infineon Techs. Corp.*, No. 99-21142, 2000 U.S. Dist. LEXIS 20689, at *5-6 (N.D. Cal. Aug. 7, 2000). There is a "liberal policy in favor of granting motions to stay proceedings pending the outcome of USPTO reexamination or reissuance proceedings." *ASCII Corp. v. STD Entertainment*, 844 F. Supp. 1378, 1381 (N.D. Cal. 1994).

### B. Staying This Litigation is Not Premature.

Akeena argues that a stay pending reexaimination is premature and prejudicial because the PTO has not decided whether to grant Zep's request for reexamination of the '800 Patent. *See, e.g., Tokuyama Corp. v. Vision Dynamics, LLC*, 2008 U.S. Dist. LEXIS 84968 at *3-4 (N.D. Cal. Oct. 9, 2008) (holding that staying litigation before the PTO has granted the defendant's request for reexamination could constitute prejudice). However, other courts have granted stays prior to the PTO issuing a reexamination order. *See, e.g.*, *Ho Keung Tse v. Apple Inc.*, 2007 U.S. Dist. LEXIS 76521, at *5 (N.D. Cal. Oct. 4, 2007); *ASCII*, 844 F. Supp. at 1380 (granting stay even when defendant had not yet filed its request for a reexamination). Despite Akeena's contention, there is no "general prohibition against staying" an action simply because the PTO has not yet decided whether to order the *inter partes* reexamination. (Opp. at 6.)

Additionally, *Tokuyama* is distinguishable from the present case because, in *Tokuyama*, the parties had "significant pre-litigation history that involve[d] time and expense," spanning over a year and a half before the case was filed. 2008 U.S. Dist. LEXIS 82732 at *7. Here, there is no significant pre-litigation history and Zep promptly filed the request for reexamination and motion to stay in the early stages of the litigation.

Furthermore, the PTO liberally grants reexamination orders in over 95% of requests for *inter partes* reexamination. While it is not certain, it is highly likely the PTO will grant the request for reexamination. The Court finds that it is not premature to stay this litigation even though the PTO has not yet decided whether to grant the request for reexamination.

### C. Early Stage of Litigation Favors a Stay of the Patent Claim.

The early stage of a litigation weighs in favor of granting a stay pending reexamination. *See Target Therapeutics, Inc. v. SciMed Life Sys., Inc.*, 33 U.S.P.Q. 2d 2022, 2023 (N.D. Cal. 1995) (holding that the absence of "significant discovery" or "substantial expense and time . . . invested" in the litigation weighed in favor of staying the litigation); *see also ASCII Corp.*, 844 F. Supp. at 1381 (granting stay where parties had undertaken little or no discovery and the case had not yet been set for trial). Akeena claims that this litigation is not in the early stages because all Defendants have pled, the parties have exchanged initial disclosures and the parties have produced some documents. The Court is not persuaded. Zep petitioned for the *inter partes* reexamination and moved to stay this litigation less than three months after Akeena filed the complaint and before even answering the complaint. Additionally, other than the initial disclosures, no other discovery has been propounded. The parties have not yet attended an initial case management conference and no dates have been set in this case. Therefore, the fact that this case is still in the early stages and the parties have not yet conducted "significant discovery" or invested "substantial expense" into the litigation weighs in favor of granting a stay. *See Target Therapeutics*, 33 U.S.P.Q. 2d at 2023.

### D. A Stay Will Not Unduly Prejudice Plaintiff.

In determining whether to grant a stay, courts also consider any resulting undue prejudice on the nonmoving party. *See Methode Elecs.*, 2000 U.S. Dist. LEXIS 20689, at *7. Granting a stay does not cause the nonmoving party undue prejudice when that party has not invested substantial expense and time in the litigation. *Id.* The delay inherent to the reexamination process does not generally constitute, by itself, undue prejudice. *Pegasus Dev. Corp. v. DirecTV, Inc.*, 2003 WL 21105073, at *2 (D. Del. May 14, 2003).

Akeena argues that the delay from stays pending reexamination, particularly for *inter partes* reexamination, can constitute prejudice because of the length of the *inter partes* reexamination process. The Institute for Progress determined that the average expected pendency for an *inter partes* reexamination is between 34 and 53 months without appeal and between 60 and 97 months if the decision is appealed. (*See* Declaration of Neil A. Smith in

4

Support of Plaintiff's Opposition ("Smith Decl."), Ex. 1 at 12-13.)  As a result, some courts have exercised their discretion and denied motions to stay.  *See, e.g., Network Appliance Inc. v. Sun Microsystems Inc.*, 2008 U.S. Dist. LEXIS 76717 at *9-10 (N.D. Cal. May 23, 2008).  Akeena contends that the delay will be so lengthy that it will prevent it from capitalizing on current government incentives for solar purchases.

However, according to a new report copyrighted in 2010, after the PTO created the Central Reexamination Unit in July 2005, pendency times for *inter partes* reexaminations have decreased significantly.  (Declaration of Deepak Gupta in Support of Defendants' Reply ("Gupta Rep. Decl."), Ex. 7 at 2.)  Congress intended reexamination proceedings to serve as an alternative to litigation and are 13 times less costly than litigation. (*Id.* at Ex. 8 (American Intellectual Property Law Association, Report of the Economic Survey 2009, July 2009 at 29-30).)  While some delay is inevitable, it is necessary to achieve the benefits contemplated by Congress.  Moreover, Akeena's argument that government incentives will likely decrease is pure speculation.  The government could actually increase solar incentives. (*See, e.g.*, Declaration of Jack West in Support of Defendants' Reply ("West Rep. Decl."), Ex. B.)  Accordingly, the Court finds that a stay of the patent claim will not unduly prejudice Plaintiff.

Courts also consider evidence of dilatory motives or tactics, such as when a party unduly delays in seeking reexamination of a patent.  *Methode Elecs.*, 2000 U.S. Dist. LEXIS 20689, at *7.  This is not a case where reexamination is sought on the eve of trial or after protracted discovery.  *Cf. Agar Corp., Inc. v. Multi-Fluid, Inc.*, 983 F. Supp. 1126, 1128 (S.D. Tex. 1997) (finding that "courts are inclined to deny a stay when the litigation is at a later stage, such as when the case has been set for trial and the discovery phase has almost been completed").  Rather, Zep requested a reexamination three months after Akeena filed the complaint and filed this motion the very same day.  There has been no showing of dilatory motive or tactics.  Thus, this factor also weighs in favor of granting a stay.

**E.    A Stay Will Simplify the Issues, Streamline the Trial, and Reduce the Burden of Litigation on Both the Parties and the Court.**

Because the patent-in-suit will possibly be reexamined, the Court finds that the patent infringement case should be stayed during the pendency of the reexamination.  As addressed, the PTO grants *inter partes* reexamination orders in over 95% of cases.  According to the PTO, 51% of all *inter partes* reexamination proceedings result in all claims being canceled, and 92% of reexamination proceedings result in either canceled or amended claims.  (Gupta Decl., Ex. 3.)  "[W]aiting for the outcome of the reexamination could eliminate the need for trial if the claims are cancelled or, if the claims survive, facilitate trial by providing the court with expert opinion of the PTO and clarifying the scope of the claims."  *Target Therapeutics*, 33 U.S.P.Q. 2d at 2023; *see also Gould*, 705 F.2d at 1342; *see also Pegasus*, 2003 WL 21105073, at *1-2 (noting the benefits of granting a stay pending reexamination include potentially narrowing the issues, reducing the complexity and length of trial, alleviating discovery problems relating to prior art, and encouraging settlement or even dismissal if the patent is declared invalid).

The Court finds that such a stay will simplify the issues and streamline the trial, thereby reducing the burden on, and preserving the resources of both the parties and the Court.  If the PTO denies the petition to reexamine the '800 Patent, the parties may move to lift the stay promptly and any delay would be negligible.

## CONCLUSION

For the foregoing reasons, the Court GRANTS Zep's motion to stay.  The Court HEREBY ORDERS the parties to submit a joint status report regarding the status of the reexamination proceedings every 120 days, or sooner if the PTO issues a final decision with respect to the '800 Patent, until the stay of the patent infringement claim is lifted.

**IT IS SO ORDERED.**

Dated: April 14, 2010

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

6

7