**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AKEENA SOLAR INC., <br><br> Plaintiff, <br><br> v. <br><br> ZEP SOLAR INC., <br><br> Defendants. <br> _____ / | No. C 09-05040 JSW <br><br> **ORDER DENYING PLAINTIFF'S MOTION TO LIFT STAY** |

## INTRODUCTION

Now before the Court is Plaintiff Akeena Solar Inc.'s ("Akeena") motion to lift stay. Having considered the parties' pleadings and the relevant legal authority, the Court finds the matter suitable for disposition without oral argument. *See* N.D. Civ. L.R. 7-1(b). The hearing set for July 8, 2011 is VACATED, and the Court HEREBY DENIES Akeena's motion.

## BACKGROUND

On October 22, 2009, Akeena brought this action for patent infringement of U.S. Patent 7,406,800 (the "'800 Patent") and for a declaratory judgment of non-infringement of Defendant Zep Solar, Inc.'s ("Zep") U.S. Patent No. 7,592,537 (the "'537 Patent"). On December 14, 2009, Zep and High Sun Technology, Inc. filed a motion to dismiss the declaratory judgement claim. The Court granted the motion to dismiss on February 9, 2010, leaving only the '800 Patent at issue.

On January 27, 2010, Zep filed a petition with the U.S. Patent and Trademark Office ("PTO") for *inter partes* reexamination of the '800 Patent. (Declaration of Larry Johnson in

Support of Defendants' Opposition to Plaintiffs' Motion to Lift Stay ("Johnson Decl."), Ex. A.) The petition requested reexamination of ten of the twelve claims of the '800 Patent, including the only independent claim, and was based on eleven references that Zep alleged raised substantial new questions of patentability for the '800 Patent. (*Id.*) On the same day, Zep filed the motion to stay. The Court granted the motion to stay litigation, pending reexamination of the '800 Patent, on April 14, 2010.

On April 16, 2010, the PTO approved reexamination of claims 1-4, 7-9 and 11-12 of the '800 Patent, but it declined to reexamine claim 10. (Declaration of Meghan Whyman Olesek in Support of Plaintiff's Motion to Lift Stay ("Olesek Decl."), Ex. A.) In its first Office Action, the PTO rejected claims 1-4. (*Id.*, Ex. B.) Based on subsequently filed references to the Nagao prior art, the PTO rejected all nine claims of the '800 Patent under reexamination in its second Office Action. (*Id.*, Ex. E.) Akeena submitted amended claims to the PTO, which the PTO rejected on February 2, 2011. (*Id.*, Exs. I, K.) Neither side appealed, and the PTO issued a notice of intent to Issue Reexamination Certificate on April 4, 2011, cancelling all claims under reexamination. (*Id.*, Ex. L.) In light of the issuance of certification, Akeena moves to lift the stay and proceed with litigation.

On June 7, 2011, after Akeena filed this motion, Zep filed a second request for reexamination of claims 5, 6, and 10 of the '800 Patent based on the Nagao reference and seven other newly submitted references. (Johnson Decl., Ex. C.) Akeena has asserted that Zep infringes claim 10, but it has not asserted that Zep infringed claims 5 or 6. (Reply Br. at 3.) The PTO must rule on Zep's second request within three months of Zep's June 7, 2011 submission. *See* 35 U.S.C. § 312(a).

The litigation history is brief. Prior to the initial motion to stay, the parties held a rule 26(f) conference, selected a method of ADR, and exchanged initial disclosures. There have been no claim construction briefings filed, nor have dates been set for a Markman hearing or trial. Since the Court stayed the case, the parties have filed three joint status reports.

The Court shall discuss additional facts as necessary in the analysis.

2

**ANALYSIS**

**A.    Legal Standards Applicable to a Motion to Lift Stay Pending Further Reexamination Proceedings.**

"The same court that imposes a stay of litigation has the inherent power and discretion to lift the stay." *Canady v. Erbe Elektromedizin GmbH*, 271 F. Supp. 2d 64, 74 (D.D.C. 2002) "When circumstances have changed such that the court's reasons for imposing the stay no longer exist or are inappropriate, the court may lift the stay." *Id.* When granting the stay, this Court considered the following factors: (1) the stage of the litigation, including whether discovery was completed and whether the matter had been marked for trial; (2) whether a stay would unduly prejudice or tactically disadvantage the nonmoving party; and (3) whether a stay would simplify the issues in question and streamline the trial, thereby reducing the burden of litigation on the parties and on the court. *See Methode Elecs., Inc. v. Infineon Techs. Corp.*, No. 99-21142, 2000 U.S. Dist. LEXIS 20689, at *5-6 (N.D. Cal. Aug 7, 2000). There is a "liberal policy in favor of granting motions to stay proceedings pending the outcome of USPTO reexamination or reissuance proceedings." *ASCII Corp. v. STD Entertainment*, 844 F. Supp. 1378, 1381 (N.D. Cal. 1994).

**B.    Lifting the Stay is Premature.**

Akeena argues that the circumstances of this case changed significantly when the PTO issued a reexamination certificate, and thus a further stay is premature unless and until the PTO grants Zep's second reexamination request. "[T]he court may abandon its imposed stay of litigation if the circumstances that persuaded the court to impose the stay in the first place have changed *significantly*." *See Canady* 271 F. Supp. 2d at 75 (emphasis added). A court need not wait for the PTO to issue a reexamination order to grant a stay. *See Ho Keung Tse v. Apple Inc.,* 2007 U.S. Dist. LEXIS 76521 at *5 (N.D. Cal. Oct. 4, 2007); *ASCII*, 844 F. Supp. at 1380 (granting stay even when defendant had not yet filed a request for reexamination). Although some courts have granted a motion to lift stay despite a pending reexamination request, *see Ohio Willow Wood Co. v. Alps South Corp.,* 2008 WL 4683222, at *3-4 (S.D. Ohio Oct. 21, 2008) (lifting stay after four years of litigation despite pending reexamination request); *Staples*

*v. Johns Manville, Inc.,* 2009 WL 2337105, at *2 (E.D. Mo. July 29, 2009) (lifting stay despite a pending reexamination request because initial reexamination upheld the validity of the majority of patent claims), a court is not required to lift a stay merely because the PTO has decided to issue a reexamination certificate, *see Canady* 271 F. Supp. 2d at 75-76. Here, litigation is still in its early stages, and the pending reexamination request may eliminate the need for trial completely. Thus lifting the stay would be premature, because the circumstances that led this Court to grant the stay have not changed significantly.

Additionally, *Ohio Willow Wood Co.* and *Staples* are distinguishable from the present case because significant changes had occurred in those cases. In *Ohio Willow Wood Co.*, the court lifted a stay after four years had passed, even though a reexamination request was pending. 2008 WL 4683222, at *3-4. However, this case has been pending just over eighteen months, and remains in its early stages. In *Staples*, the PTO upheld the validity of thirteen patent claims at issue in the initial reexamination, and thus success in a subsequent reexamination proceeding was less likely. 2009 WL 2337105, at *2. Here, the PTO rejected all nine claims under reexamination, leaving only one claim in controversy.

Because the circumstances in this case do not show the kind of significant changes present in *Ohio Willow Wood Co.* and *Staples*, the Court concludes it would not be appropriate to lift the stay. In addition, as discussed below, the factors that initially persuaded the Court to grant a stay still weigh in favor of continuing the stay.

**C.     The Early Stage of Litigation Favors a Stay of the Patent Claim.**

Akeena "does not dispute the early status of this case, which has not changed [significantly] during the stay." *See Ho Keung Tse v. Apple Inc.,* 2010 WL 1838691, at *2 (N.D. Cal. May 3, 2010). The early stage of litigation weighs in favor of granting a stay pending reexamination. *See ASCII Corp.,* 844 F. Supp. at 1381 (granting stay where parties had undertaken little or no discovery and the case had not yet been set for trial); *see also Atl. Constr. Fabrics, Inc. v. Metrochem, Inc.,* 2007 U.S. Dist. LEXIS 77205, at *5 (W.D. Wash. Oct. 9, 2007) (denying motion to lift stay where "no substantive events had occurred since the institution of the stay"). When the initial stay was granted, no dates had been set for trial and

4

1 the parties had not conducted discovery beyond their initial disclosures.  Over the course of the
2 stay the parties filed three joint status reports, (Docket Nos. 57-59), and the PTO rejected all
3 nine claims under reexamination, (Olesek Decl., Ex. H).  However, "no briefing on claim
4 construction has been filed and no Markman hearing date or trial date has been set."  *See Ho*
5 *Keung Tse,* 2010 WL 1838691, at *2.  In sum, no substantive changes have occurred over the
6 course of the stay that suggest the litigation has progressed beyond the early stages.

### D. A Stay Will Not Unduly Prejudice Akeena.

Akeena argues that it has endured lengthy delay and continues to suffer economic harm, because Zep is a direct competitor that continues to infringe on Akeena's patent.  "Patent validity is a commonly asserted defense in litigation and courts are cognizant of Congress's intention of utilizing the PTO's specialized expertise to reduce costly and timely litigation."  *Canady,* 271 F. Supp. 2d at 78.  Where litigation is stayed pending a decision by the PTO, reexamination proceedings will be expedited to the extent possible.  37 C.F.R. § 1.535. "[C]ourts have found that the delay inherent in the reexamination process does not constitute, by itself, undue prejudice."  *Esco Corp. v. Berkeley Forge & Tool, Inc.,* 2009 WL 3078463, at *3 (N.D. Cal. Sept. 28, 2009).  Akeena's claim that it has endured lengthy delay and continued infringement applies to almost every case where reexamination is sought.  *See Id.*  However, this is not a case where litigation has been stayed for four years pending several reexamination proceedings.  *See Ohio Willow Wood Co.*, 2008 WL 4683222, at *3-4.  Rather it is a case where one successful reexamination proceeding eliminated 90% of the claims at issue in just over eighteen months, and a second proceeding might eliminate the need for litigation entirely.  *See Ho Keung Tse,* 2010 WL 1838691, at *4  (discounting prejudice where "Plaintiff . . . fails to address the obvious fact that the PTO rejected all but one of his claims . . .").  Because Akeena has not alleged prejudice beyond the delay inherent in the reexamination proceedings, its argument is unpersuasive.

5

Akeena also argues that Zep's second request for reexamination is dilatory and tactical.[1] Courts consider evidence of dilatory motives, such as when a party unduly delays in seeking reexamination of a patent, to ensure that the non-moving party is not subject to clear tactical disadvantage or undue prejudice. *See Methode Elecs., Inc.*, 2000 U.S. Dist. LEXIS 20689, at *7. The success of an initial reexamination is given some weight when considering whether subsequent requests are reasonable. *See Canady,* 271 F. Supp. 2d at 77 (noting that because defendant's first request was valid, a subsequent request seemed reasonable). With respect to the timing of Zep's second request, "once an order for . . . reexamination of a patent has been issued," a party must wait until a reexamination certificate issues before filing a subsequent request. 35 U.S.C. § 317(a). The PTO issued a Reexamination Certificate on June 7, 2011, and Zep filed its second *inter partes* request later that day, the earliest date possible. (Johnson Decl., Ex. C.) Given the success of the first reexamination proceeding and Zep's expeditious filing of its subsequent request, it is reasonable to conclude that Zep's second request was filed for substantive as opposed to dilatory or tactical purposes.

Additionally, Akeena argues the stay should be lifted because Zep's second reexamination request is barred by statute and, thus, will be denied. "If a final decision in an *inter partes* reexamination proceeding . . . is favorable to the patentability of any original . . . claim of the patent, then neither that party nor its privies may thereafter request an *inter partes* reexamination of any such patent claim on the basis of issues which that party or its privies raised or could have raised . . . ." 35 U.S.C. § 317(b). While the patent examiner has the full discretion to include any claims from the patent in reexamination, "the existence of a substantial new question of patentability is not precluded by the fact that a patent . . . was previously cited by or to the Office or considered by the Office." 35 U.S.C. § 303(a).

Here, the PTO denied Zep's initial request to reexamine claim 10 of the '800 Patent. However, the PTO could not have considered the Nagao prior art when it declined to reexamine

---

[1] Akeena argues that Zep's opposition brief "hijacked" their motion to lift the stay. (Reply Br. at 2.) Assuming *arguendo* that Zep's opposition brief is actually a cross-motion for a new stay, Akeena has not demonstrated it could not adequately respond to Zep's arguments within the time period in which its reply was due.

6

1 claim 10 because the Nagao reference had not been translated at that point. (*See* Olesek Decl.,
2 Ex. A.) Furthermore, the PTO's ability to consider claim 10 in light of the Nagao reference,
3 once submitted, was merely discretionary. Even though the PTO has the exclusive authority to
4 grant or deny Zep's second reexamination request, the argument that 35 U.S.C. § 317(b)
5 compels the PTO to deny Zep's second *inter partes* request is not adequately supported by
6 evidence from the record. Because Zep's second reexamination request is potentially viable,
7 Akeena's argument is unpersuasive.

### E. A Stay Will Simplify the Issues, Streamline the Trial, and Reduce the Burden of Litigation on Both the Parties and the Court.

10 Zep argues that if the second reexamination request is approved, further patent
11 prosecution will simplify the issues and possibly eliminate the need for litigation entirely. The
12 benefits of granting a stay pending reexamination include potentially narrowing the issues,
13 reducing the complexity and length of trial, alleviating discovery problems related to prior art,
14 and encouraging settlement or even dismissal if the patent is declared invalid. *Pegasus Dev.*
15 *Corp. v. DirecTV, Inc.*, 2003 WL 21105073, at *1-2 (D. Del. May 14, 2003). Zep's record of
16 success in reexamination suggests the possibility that the only remaining "claims involved in
17 this litigation will either be changed or cancelled." *See Ohio Willow Wood Co.,* 2008 U.S. Dist.
18 LEXIS 99392, at *9. Even if claim 10 survives reexamination, the PTO's expertise will narrow
19 the scope of any remaining issues, promote settlement, and expedite further proceedings.

21 The Court finds that continuing the stay will further simplify the issues and streamline
22 trial, thereby preserving the resources of the parties and the Court. If the PTO denies the
23 petition to reexamine claim 10 of the '800 Patent, the parties may move to lift the stay.

### CONCLUSION

25 For the foregoing reasons, the Court DENIES Akeena's motion to lift stay. The Court
26 HEREBY ORDERS the parties to submit a joint status report regarding the status of
27 reexamination proceedings every 120 days, or sooner if the PTO issues a final decision with
28 //

7

respect to the '800 Patent, until the stay is lifted.

**IT IS SO ORDERED.**

Dated: July 7, 2011

_____
JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE